**ORIGINAL**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 3 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MUNIR CHAUDHRY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-552-Y** |
| | § | |
| **REBECCA TAMEZ, Warden,** | § | |
| **FCI-Fort Worth,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Munir Chaudhry, Reg. 10403-027, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

C. PROCEDURAL HISTORY

Petitioner is serving a 27-month term of imprisonment for his 2011 convictions in the Northern District of Indiana for Conspiracy to Defraud the United States, Payment of Kickbacks, Health Care Fraud, and Aiding and Abetting. (Resp't App. at 1) Petitioner's projected release date with good time credit is November 14, 2013. (*Id.*) Petitioner seeks a court order directing the Federal Bureau of Prisons (the BOP) to consider him for early release to a residential re-entry center (RRC) for the last 12 months of his term of imprisonment under 18 U.S.C. § 3624(c)(1). (Pet. at 19)

D. SUBJECT MATTER JURISDICTION AND EXHAUSTION

As a preliminary matter, respondent asserts the petition should be dismissed for lack of subject matter jurisdiction because petitioner's claim involves a condition of his confinement–the location of service of his sentence, and not the execution of his sentence, or, alternatively, the petition should be dismissed for failure to exhaust prison administrative remedies. (Resp't Resp. at 2-7)

Respondent's first assertion has been rejected by the Fifth Circuit, which has held that such claims do affect the execution of a prisoner's sentence and, thus, may be raised under § 2241. *Cervante v. United States*, 402 Fed. Appx. 886, 887, 2010 WL 4683632, at *1 (5th Cir. Nov. 18, 2010).

Respondent's second assertion however deserves consideration. Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Bureau Program Statement 5160.05. An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19.

2

Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of Paula Macias, a legal assistant at FCI-Fort Worth. (Resp't Appendix at 1-2) Macias avers that, by way of her employment, she has access to records maintained by the BOP and that the records do not reflect that petitioner has made any attempt to file administrative remedy submissions regarding the length of his placement in a RRC. (*Id.*) The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances, including where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). The petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Petitioner concedes that he has not exhausted his administrative remedies and contends any attempt to do so would be futile because it is clear his claim will be rejected under BOP's policy, under former Director Harley Lappin, of not placing prisoners in an RRC for longer than six months, despite § 3624(c)(1), and would only result in further delay. (Pet. at 11-12) Under these circumstances, petitioner's futility argument has been rejected by this court and others. *See Kier v.*

3

*Keffer*, No. 4:10-CV-437-Y, 2010 WL 5136104, at *1 & n.3 (N.D.Tex. Dec. 16, 2010). Furthermore, if the BOP has failed to properly evaluate petitioner for placement in a RRC, it has the authority to correct that error and should be permitted to do so. *See Smith*, 937 F.2d at 219 (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Nor will requiring petitioner to exhaust administrative remedies necessarily be an exercise in futility because the BOP considers individual requests for RRC placements in excess of six months under current policy. (Resp't App. 13-18) *See Broderick v. Chapman*, 364 Fed. Appx. 111, 2010 WL 445441, at *2 (5th Cir. Feb. 5, 2010); *Rivkin v. Tamez,* No. 4:09-CV-991-A, 2009 WL 362306, at *2 (N.D.Tex. Feb. 12, 2009), *aff'd*, 351 Fed. Appx. 876, 2009 WL 3489428 (5th Cir. Oct. 29, 2009); *Garza v. Davis*, 596 F.3d 1198, 1204-05 (10th Cir. 2010).

Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his administrative remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

For the reasons given above, it is recommended that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust administrative remedies.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December ___4___, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December ___4___, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November ___13___, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE